## MUSTAPHA MOHAMMED ELEHASH v. THE STATE.

### *No. 926.   Decided March 18th, 1896.*

**Former Jeopardy—Name of Injured Party.**

On a trial for a simple assault and battery, alleged to have been committed upon one "John Kenan," defendant pleaded former jeopardy in this, viz: that at a former term of the court he had been put upon trial and pleaded to an information for the same identical transaction, only differing in the allegation, that the assault was committed upon "John Cunningham" instead of "John Kenan."   That during the trial the question of variance, as to allegation and proof of the name of the injured party, was raised, and notwithstanding the State itself had proved that said party was known as well by the one name as the other, the prosecution was permitted, over objection of defendant, to dismiss the case.   Upon motion of the State, this plea of

former jeopardy was stricken out. Held: Error—the facts stated constituted a good plea of former jeopardy which, if established, would have barred the second prosecution.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for simple assault and battery, the punishment assessed being a fine of $15.

The matters relating to defendant's plea of former jeopardy are thus stated in the bill of exceptions, viz: "Be it remembered, that on the 18th day of March, 1895, information was filed in the County Court of Dallas County, Texas, by John P. Gillespie, County Attorney of Dallas County, Texas, charging that Mustipher Mohammed Elehash did, on the 18th day of March, 1895, before the filing of the information, commit an aggravated assault and battery on John Cunningham." This information was based on an affidavit filed in said court on the 18th day of March, 1895. On the 17th day of June, 1895, said above styled and numbered cause was called for trial in the County Court, and at a regular term of said court, whereupon the prosecuting attorney announced ready for trial, and the defendant also announced ready for trial in the said above styled and numbered cause, and thereupon the following jury was selected to sit in this case, viz:    *    *    *    *    *.    The jury selected was duly sworn. The information was read to the jury, whereupon the defendant pleaded not guilty to the charge, whereupon one John Kenan was called as a witness by the State. He testified as follows: "My name is John Kenan; I reside in Dallas County, Texas. On the 18th day of March, 1895, at the corner of Elm and Lamar streets, in the city of Dallas, Texas, the defendant, Mustipher Mohammed Elehash, committed an assault on him with a stick, same was committed without provocation on my part, and he struck me three or four licks, broke the stick and felled me to the ground; it raised a large bump on the back of my head, which gave much pain for several months; I did nothing to provoke the difficulty." On cross-examination, he stated, "That from the effects of the lick given him by Mustipher Mohammed Elehash, the defendant, I was rendered insensible, and those who saw the difficulty informed me that after I arose I knocked the defendant down with a half of brick-bat; I do not remember hitting him with a brick-bat; he pursued me after he knocked me down, and they inform me that I struck him with the brick-bat; I had done nothing to provoke the difficulty; my name is John Kenan; I am an Assyrian; I made the affidavit in this case; my Syrian name is John Kenen, and my English name is John Kenen; I have never been known by any other name.

The defendant then objected to the introduction of further testimony, because the injured party's name in the information was John Cunningham, and the proof showed that the party assaulted was John Kenen, whereupon the State, by the County Attorney, and special prosecutor in the cause, Hon. D. G. Wooten, stated that they could prove, and would prove by hundreds of witnesses, that the prosecuting witness was known by

the name of John Cunningham, as well as by the name of John Kenen. The court thereupon permitted the State to introduce evidence that the prosecuting witness was known by the name of John Cunningham, as well as by the name of John Kenen; whereupon, D. G. Wooten, special prosecutor in the case, was sworn and testified: "I have known the prosecuting witness for about a year; have been his lawyer in several transactions, and have known him by the name of John Cunningham. On cross-examination, he stated that he was introduced by Peter Antonio, who was the interpreter, and that it was possible that he might have misunderstood the interpretation; that Peter Antonio might have stated John Kenen, but that he understood him to say John Cunningham; that he had known him as John Cunningham." On a motion of defendant, this testimony was excluded by the court, because it was not admissible to prove that the defendant was known as John Cunningham, and thereupon, Peter Antonio was placed upon the witness stand, and testified as follows: "I am a countryman of John Kenen, the prosecuting witness; I have known him ever since he has been in Dallas County, Texas; he is known by the name of John Kenen; his proper name is John Kenen, but hundreds of people in Dallas County call him by the name of John Cunningham; I cannot give the names of the parties who know him by the name of John Cunningham, because I do not know their names. I remember that Mr. Dave Smith, who used to reside near us in East Dallas, always called him John Cunningham, and he was known by that name by Mr. Smith; Mr. Smith is out of the county at this time; people all over the city of Dallas know him by the name of John Cunningham." Thereupon the State desired to nolle prosequi, to which the defendant objected, on the ground he had been placed upon trial upon valid information for an offense involving his liberty, and a court of competent jurisdiction, and a competent jury had been involved, sworn and charged with his case, and that he had been placed in jeopardy thereby, and was entitled to a verdict of not guilty, and that the State should not be permitted to dismiss the cause at this stage of the case, all of which objections were overruled by the court, and the County Attorney was permitted to dismiss the cause, to which action of the court the defendant excepted, for the reasons above named, and will except and tender this, his bill of exceptions, and ask that the same be signed, approved and made a part of the records in this case, which is accordingly done."

*Oeland & Smith*, and *Martin W. Littleton*, for appellant.—The court erred in striking out defendant's plea of former jeopardy, which was regular on its face, and defendant should have been permitted to introduce testimony in support of the same. Bill of Rights, Sec. 14; Code Crim. Proc., Arts. 9 and 712; Powell v. State, 17 Tex. Crim. App. 345; Brink v. State, 18 Tex. Crim. App., 344.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of a simple assault and battery and fined in the sum of $15 and prosecutes this appeal. On

the trial of this case the appellant, in addition to his plea of not guilty, interposed a plea of former jeopardy, in which he alleges the facts to be that at a former term of the court, upon an information charging him with an assault upon "John Cunningham," he pleaded not guilty. The evidence was introduced, and it was shown by the State's witnesses that the alleged injured party's name was "John Kenan" or "John Keenan." The assaulted party, on the former trial, testified that his English name was "John Kenan," and that he had never been known by any other name. The defendant then objected to the introduction of further testimony, because the injured party's name, as set out in the information, was "John Cunningham," and the proof showed the assaulted party's name was "John Kenan," whereupon the State, by its County Attorney, as well as special prosecutor, D. G. Wooten, Esq., offered proof showing that the assaulted party was known by the name of "Cunningham," as well as by the name of "Kenan," among people who knew him in the City of Dallas, where this assault is said to have been committed. This testimony was uncontradicted by the defendant, or from any other source; and one witness stated that said Kenan had been known by hundreds of people in the city of Dallas by the name of "John Cunningham," and that the people all over the city of Dallas knew him by that name. At this point the State moved to enter a nolle prosequi in the prosecution, and the defendant objected. The court sustained the State's motion, and dismissed the prosecution. The plea of former jeopardy interposed by appellant is in compliance with the law in all respects, and the question here made by the appellant is that the complaint and information in the former case was valid; that, under the circumstances stated, his plea of jeopardy should have been sustained, but on motion of the County Attorney, it was stricken out by the court. We think the contention correct, and the action of the court was error. The information was a valid one, and charged the offense of aggravated assault and battery, in the terms required by the law, against the appellant, as having been made upon one John Cunningham. If the proof was true, that the assaulted party was known as "John Kenan" or "John Cunningham," the first information was a sufficient basis upon which to predicate a judgment of the court, and if it was shown, under said plea, that he was known as well by the name of "John Cunningham" as "John Kenan," he would be entitled to be discharged under his said plea. Where the assaulted party is known as well by one name as another, and the information or indictment alleges either name, the proof sustaining this allegation—that is, that he was known as well by the name set out in the indictment as some other name—this would be sufficient, and the judgment of conviction or acquittal based upon the verdict of the jury could be pleaded in bar of another prosecution. The court should have overruled the County Attorney's demurrer to the plea of former jeopardy, and, if the facts sustained the plea of appellant, he was entitled to a verdict of the jury finding his plea true, and he could not be convicted under the second indictment or information. For the

error of the court in sustaining the demurrer of the County Attorney to the plea of former jeopardy, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*